MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
JENNY D. BAYSINGER (SBN: 251014)
jbaysinger@mayallaw.com
VLADIMIR J. KOZINA (SBN: 284645)
vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone:  (209) 477-3833
Facsimile:  (209) 473-4818

Attorneys for Plaintiff Myrica Smith

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYRICA SMITH, an individual,,<br><br>       Plaintiff,<br><br>vs.<br><br>DI LOGISTICS, LLC, a limited-liability corporation;<br>and DOES 1-100, inclusive,<br><br>       Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FAILURE TO PAY MINIMUM WAGE**<br>2. **FAILURE TO PAY OVERTIME**<br>3. **FAILURE TO PAY WAGES**<br>4. **FAILURE TO PROVIDE MEAL PERIODS**<br>5. **FAILURE TO PROVIDE REST PERIODS**<br>6. **FAILURE TO PROPERLY PAY SICK LEAVE**<br>7. **FAILURE TO REIMBURSE FOR ALL BUSINESS EXPENSES**<br>8. **FAILURE TO PAY ALL WAGES DUE AND OWING AT END OF EMPLOYMENT**<br>9. **UNLAWFUL BUSINESS PRACTICES** |

Plaintiff Myrica Smith brings this class action against DI Logistics, LLC and Does 1 through 100, for violations of the California Labor Code, Fair Labor Standards Act, and the Business and Professions Code.

**PARTIES**

1. Myrica Smith ("Plaintiff" or "Smith") is and at all times relevant herein was employed in Stanislaus County, California, and was an "employee" as defined by the California Labor Code ("Labor Code"), the Fair Labor Standards Act, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. DI Logistics, LLC ("Defendant" or "DI Logistics") is a California limited-liability corporation which does business in California and throughout the United States.

3. At all times relevant herein, DI Logistics has been an "employer" as defined by the Labor Code, the Fair Labor Standards Act, and the applicable IWC Order(s).

4. DI Logistics and Does 1-100 are collectively referred to as Defendants.

5. Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sue such Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe, and on that basis allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6. Plaintiff is informed and believe and thereupon allege that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

/ / /

/ / /

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as it includes claims arising under the laws of the United States. The Court also has supplemental jurisdiction under the state law claims pursuant to 28 U.S.C. § 1367 because those claims are related such that they form part of the same case and controversy under Article III of the United States Constitution. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because DI Logistics resides in Los Angeles County, California. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

8. Smith was hired by DI Logistics in or around August 2018. Throughout her employment, Smith typically reported to either DI Logistics' Manteca or Dublin facility to start her day.

9. Throughout her employment, Smith was a non-exempt employee. As such, she was entitled to be paid for every hour worked and overtime as appropriate. See **Exhibit 1**.[1]

10. Throughout her employment, however, Smith and DI Logistics' other non-exempt California employees were not properly paid for all hours worked, including overtime.

11. Specifically, because of issues with DI Logistics' timekeeping practices, Smith and DI Logistics' other non-exempt California employees were routinely credited for less hours than they actually worked.

12. Additionally, when required to travel to different facilities, Smith and DI Logistics' other non-exempt California employees were often not paid for all of the time spent traveling between those facilities.

13. Smith and DI Logistics' other non-exempt California employees were also eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation. See **Exhibits 1** and **2**.

---

[1] **Exhibits 1-3** are incorporated by this reference as though fully set forth herein. Some Exhibits have been reduced and/or redacted due to their size and content.

14. Pursuant to DI Logistics' standard employment agreement, Smith and DI Logistics' other non-exempt California employees were entitled to earn, among other things, "per-stop" pay. **Exhibit 1.**

15. Nonetheless, Smith and DI Logistics' other non-exempt California employees did not receive per-stop pay.  **Exhibit 2**.

16. The non-discretionary bonuses, commissions, and other items of compensation to which Smith and DI Logistics' other non-exempt California employees where entitled included, but were not limited to, additional pay for certain stops and deliveries made and "STEM" payments.

17. DI Logistics failed to include these non-discretionary bonuses, commissions, and other items of compensation when calculating Smith and its other non-exempt California employees' regular rate of pay for purposes of overtime.  See **Exhibit 2**.

18. Smith and DI Logistics' other non-exempt California employees were also entitled for reimbursement of business expenses they incurred performing their job duties.  These reimbursements included, but were not limited to mileage, tolls, and insurance.  See **Exhibit 3**.

19. Notwithstanding the foregoing, DI Logistics failed and refused to reimburse Smith and its other non-exempt California employees for all of their business expenses.

20. For instance, at times DI Logistics deducted Smith and its other non-exempt California employees' non-discretionary bonuses, commissions, and other items of compensation from their reimbursable expenses.

21. DI Logistics also failed and refused to reimburse Smith and its other non-exempt California employees for all of their mileage when they had to travel to different facilities, even though they were required to use their personal vehicles.

22. Smith and DI Logistics' other non-exempt California employees were also not consistently authorized or permitted to take meal and rest breaks as required by California law.

23. DI Logistics required Smith and its other non-exempt California employees to work through meal and rest breaks due to understaffing and work demands.

24. On the occasions that Smith and DI Logistics' other non-exempt California employees were able to take their meal breaks, they routinely occurred after 5 hours of work.

25. Further, DI Logistics frequently failed to relieve Smith and its other non-exempt California employees of employer control during their meal and rest breaks.

26. When Smith and DI Logistics' other non-exempt California employees were not provided compliant meal and rest breaks, DI Logistics did not pay premiums as required by California law. Specifically, DI Logistics either (a) failed to pay the premiums in their entirety or (b) paid the premium(s) only at its employees' base rate of pay rather than their regular rate of pay, without accounting for non-discretionary bonuses, commissions, and/or other items of compensation (including shift premiums and differentials).

27. DI Logistics also failed and refused to allow Smith and its other non-exempt California employees to use their sick pay.

28. Further, DI Logistics failed to incorporate non-discretionary bonuses, commissions, and other items of compensation into its non-exempt California employees' regular rate of pay when paying sick pay.

29. Because DI Logistics fails to pay its non-exempt California employees for all the hours they worked, overtime at the correct rate of pay, sick pay at the correct rate of pay, and because they are not provided compliant meal and rest breaks, or the premiums associated with missing the same, they are not timely paid all wages due and owing to them at the end of their employment.

30. Smith was not paid all such wages due and owing to her when her employment with DI Logistics ended.

31. From at least four years prior to the filing of this action, DI Logistics has adopted and employed unfair business practices. These unfair business practices include, but are not limited to, failing to properly pay all minimum and overtime wages due, failing to provide compliant meal and rest breaks, failing to properly compensate employees for statutorily required sick leave, and failing to reimburse employees for all business expresses.

/ / /

/ / /

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

32. Plaintiff seeks to maintain this action as a class action as to the First through Ninth Causes of Action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure 382. The putative classes which Plaintiff seeks to represent consist of the following:

  a. All current and former non-exempt California employees of DI Logistics who worked from April 23, 2016 through the date of trial (the "Minimum Wage Class");

  b. All current and former non-exempt California employees of DI Logistics who worked overtime during one or more pay periods from April 23, 2016 through the date of trial (the "Overtime Class");

  c. All current and former non-exempt California employees of DI Logistics who worked from April 23, 2016 through the date of trial (the "Unpaid Wage Class");

  d. All current and former non-exempt California employees of DI Logistics who worked one or more shift of longer than five hours from April 23, 2016 through the date of trial (the "Meal Break Class");

  e. All current and former non-exempt California employees of DI Logistics who worked one or more shift of longer than three and one-half hours from April 23, 2016 through the date of trial (the "Rest Break Class");

  f. All current and former non-exempt California employees of DI Logistics who (a) were prevented from using their sick leave or (b) received commissions, non-discretionary bonuses and/or other items of compensation and used sick leave during at least one pay period from April 23, 2016 through the date of trial (the "Sick Pay Class")

  g. All current and former non-exempt California employees of DI Logistics who incurred business expenses in the performance of their duties from April 23, 2016 through the date of trial ("Business Expense Class"); and

      h. All members of the Minimum Wage Class, Overtime Class, Unpaid Wage Class, Meal Break Class, Rest Break Class, and Sick Pay Class whose employment ended April 23, 2017 through the date of trial (the "Waiting Time Penalty Class")

The Minimum Wage Class, Overtime Class, Unpaid Wage Class, Meal Break Class, Rest Break Class, Business Expense Class, Sick Pay Class, and Waiting Time Penalty Class are collectively referred to as the "Class".

33. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 600 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

34. This action may be maintained as a class because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

35. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': (a) systematic failure to properly pay employees for all hours worked, including overtime; (b) systemic failure to authorize and permit meal and rest breaks or to pay the requisite premiums in lieu of providing said breaks; (c) systematic failure to properly pay sick pay; (d) systematic failure to reimburse employees for all business expenses; and (e) systematic failure to pay all wages due and owing at the end of employment.

36. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

      a. Whether Defendants failed to pay all their non-exempt California employees for all hours worked;

      b. Whether Defendants failed to pay their non-exempt California employees for all overtime worked;

  c. Whether Defendants failed to properly calculate and pay their non-exempt California employees' overtime pay;

  d. Whether Defendants failed to properly calculate and pay their non-exempt California employees' sick pay;

  e. Whether Defendants failed to provide compliant meal and breaks to their non-exempt California employees;

  f. Whether Defendants failed to pay all earned wages to their non-exempt California employees;

  g. Whether Defendants failed to pay premiums to their non-exempt California employees as a result of non-compliant meal and rest breaks;

  h. Whether Defendants failed to reimburse their non-exempt California employees for business expenses incurred in the performance of their duties;

  i. Whether Defendants failed to pay all wages due and owing at end of their non-exempt California employees' employment;

  j. Whether the alleged violations constitute unfair business practices;

  k. Whether the Class is entitled to injunctive relief; and

  l. Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

37. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

38. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

39. Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately

protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

40. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

41. Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

42. Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff seeks to maintain the second cause of action as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA. In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendant were not paid all the overtime they are owed. Plaintiff is representative of those other current and former employees and are acting on behalf of their interests as well as her own in bringing this action. These similarly situated employees are

known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE § 1128.12 et seq.**
**(Failure to Pay Minimum Wage)**
**Against Defendants**

44. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

45. California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

46. Labor Code Section 1194 provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

47. Labor Code section 1194.2 provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48. Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful

49. Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

50. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other members of the Minimum Wage Class for every hour worked.

51. Wherefore, Plaintiff and the other members of the Minimum Wage Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510 & 1198 AND THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime)**
**Against Defendants**

52. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

53. Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

54. Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

55. The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

56. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging. See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

57. During the relevant time period, Plaintiff and Defendants' other non-exempt California employees regularly worked overtime.

58. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and other members of the Overtime Class the proper overtime wages due to them.

59. During the relevant time period, Defendants intentionally and will fully failed to properly calculate and pay overtime wages due to Plaintiff and the other members of the Overtime Class.

60. Wherefore, Plaintiff and the other members of the other members of the Overtime Class have been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**LABOR CODE § 218**
**(Failure to Pay Wages)**
**Against Defendants**

61. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action

62. Labor Code section 218 permits an individual to bring an action to recover unpaid wages, which include any and all compensation owed for labor performed by an employee, whether that amount is calculated by time, task, piece, commission, or some other method and additionally includes bonuses, profit-sharing, and commissions. *Davis v. Farmers Ins. Exchange* (2016) 245 Cal.App.4th 1302.

63. As set forth above, during the relevant time period, Defendants failed to pay Plaintiff and the members of the Unpaid Wage Class all wages earned by them, including all wages earned for all time they worked for Defendants, including earned overtime wages, all bonuses earned, all piece-rates earned (such as per-stop pay), and all sick pay owed

64. Wherefore, Plaintiff and the other members of the Unpaid Wage Class have been harmed and request relief as hereafter provided.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS
### (Failure to Provide Meal Periods)
### Against Defendants

65. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

66. Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission.  It states:

   a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

   b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

67. Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

68. During the relevant time period, Plaintiff and the other members of the Meal Break Class were not provided with compliant meal breaks, nor did they receive an additional hour of premium pay for each missed meal break.

69. Wherefore, Plaintiff and the other members of the Meal Break Class have been injured as set forth above and request relief as hereafter provided.

### FIFTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS
### (Failure to Provide Rest Periods)
### Against Defendants

70. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

71. Labor Code § 226.7 requires employers to provide employees rest periods as mandated by Order of the Industrial Welfare Commission. It states:

> a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

72. The applicable Wage Order(s) provides that every "employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…" The applicable Wage Order further provides that "[i]f an employer fails to provide an employee rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

73. During the relevant time period, Plaintiff and other members of the Rest Break Class were not provided with compliant rest breaks, nor did they receive an additional hour of premium pay for each missed rest break

74. Wherefore, Plaintiff and the other members of the Rest Break Class have been injured as set forth above and request relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 218, 233, 246 et seq.**
**(Failure to Properly Pay Sick Leave)**
**Against Defendants**

75. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

76. Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

77. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift differentials, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

78. During the relevant time period, Defendants failed to include commissions, incentive payments, non-discretionary bonuses, and/or other items of compensation when determining the "regular rate of pay" for Plaintiff and their other non-exempt California employees for purposes of sick time pay.

79. According to the California Supreme Court, sick pay is a form of wages. *Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.

80. Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

81. During the relevant time period, Defendants intentionally and willfully failed and refused to allow Plaintiff and the other members of the Sick Pay Class to use their sick pay.

82. During the relevant time period, Defendants also intentionally and willfully failed to pay Plaintiff and the other members of the Sick Pay Class their sick pay at the rate of pay required by law. Accordingly, Plaintiff and the other members of the Sick Pay Class did not receive the full amount of paid sick time that they were entitled to receive by law, and were therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

83. Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys' fees and costs. Labor Code §233(d), (e).

84. Further, Labor Code section 218 authorizes a private right of action to recover unpaid wages.

85. Wherefore, Plaintiffs and the other members of the Sick Pay Class have been injured as set forth above and request relief as hereafter provided.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 2802**
**(Failure to Reimburse Business Expenses)**
**Against Defendants**

86. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

87. Pursuant to California Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

88. As set forth above, Defendants intentionally and willfully failed to reimburse Plaintiff and the other members of the Business Expense Class for all necessary expenditures or losses incurred in the direct consequence of the discharge of their job duties in violation of Labor Code section 2802.

89. Wherefore, Plaintiff and the other members of the Business Expense Class have been injured as set forth above and request relief as hereafter provided.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due and Owing at End of Employment)**
**Against Defendants**

90. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

91. California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

92. California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

93. As set forth above, Plaintiff and the other members of the Waiting Time Penalty Class Class were not timely paid all of their earned but unpaid wages, including minimum wage, overtime, meal and rest break premiums and improperly compensated sick pay, when their employment with Defendants ended

94. Wherefore, Plaintiffs and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

**NINTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**Against Defendants**

108. Plaintiffs hereby reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

109. The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly pay minimum and overtime wages, failing to pay meal and rest break premiums, failing to properly compensate employees for statutorily required sick leave, and failing to reimburse employees for business expenses incurred while performing their duties.

110. Wherefore, Plaintiffs and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Ninth Causes of Action:**

1. That this Court certify the Class;
2. That this Court appoint Plaintiff as the representative of the Class;
3. That this Court appoint Mayall Hurley, P.C. as Class Counsel;
4. That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;
5. That this Court award injunctive relief, including that available under Labor Code section 248.5(e) and Business and Professions Code Section 17203;
6. That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 203, 226.7, 512 and 1194.2, as well as 29 U.S.C. § 216;
7. That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 218.5, 248.5(e), 1194, and 2802, 29 U.S.C. § 216, as well as Code of Civil Procedure section 1021.5;
8. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and
9. That this Court award such other and further relief as the court deems just and proper.

**DATED:** April 23, 2020                                    **MAYALL HURLEY P.C.**

By  */s / Robert J. Wasserman*
ROBERT J. WASSERMAN
VLADIMIR J. KOZINA
Attorneys for Plaintiffs and the Putative Class